IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KAREN E. YOUNG, a/k/a KAREN E. ) <br> KENSLER, GARY W. YOUNG, MARK ) <br> KENSLER, COMMUNITY BANK & TRUST, ) <br> NA, n/k/a FIRST FINANCIAL BANK, ) <br> UNKNOWN HEIRS OR LEGATEES OF GARY ) <br> W. YOUNG, UNKNOWN OWNERS, and NON- ) <br> RECORD CLAIMANTS, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> FIRST FINANCIAL BANK, N.A., ) <br> ) <br> Defendant/Cross- ) <br> Claimant/Counter- ) <br> Claimant, ) <br> ) <br> vs. ) <br> ) <br> UNKNOWN OWNERS, NON-RECORD ) <br> CLAIMANTS, KAREN E. YOUNG, and MARK ) <br> KENSLER, ) <br> ) <br> Cross-Defendants, ) <br> ) <br> and ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Counter-Defendant. ) | CIVIL NO. 07-567-GPM |

## JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, District Judge:**

      On April 14, 2008, this Court entered a Judgment Decree and Order Directing Sale of

Property (Doc. 28) and the Court approved the United States Marshal's Report of Sale on July 23, 2008 (Doc. 34). On September 4, 2008, First Financial Bank, N.A. ("First Financial), filed a motion for default judgment on its counterclaim and crossclaim for foreclosure (Doc. 35). The Court dismissed this motion because it believed it lack jurisdiction to consider it, but later reconsidered this ruling and directed the entry of judgment in favor of First Financial Bank, N.A. ("First Financial"), and against Karen Young Kensler, f/k/a Karen Young, Mark Kensler, Unknown Owners and Non-Record Claimants in the amount of $13,364.82, plus interest at the rate of $2.15 per day from September 5, 2008 (*see* Docs. 39, 40). First Financial now seeks a modification of the Court's judgment to include relief by way of foreclosure of First Financial's mortgage lien on the premises described in the crossclaim and counterclaim (*see* Doc. 8) filed by First Financial (Doc. 41). While not easily discerned from the pleadings, at a hearing on August 31, 2009, counsel for First Financial and counsel for the Government explained that the Government's mortgage and First Financial's mortgage involve different tracts of land.

All named Counter-Defendants an Cross-Defendants have been served. Only the United States of America has entered an appearance or answered. After considering the entire record, the Court makes the following findings:

1. The Court has jurisdiction of the parties and the subject matter.
2. The following Cross-Defendants are in default: Karen E. Young, a/k/a Karen E. Kensler; Unknown Tenants; and Unknown Owners.
3. The material averments of First Financial's counterclaim and crossclaim have been proven or are deemed to be true.
4. First Financial's Motion for Judgment of Foreclosure (Doc. 41) is **GRANTED**.

5. As of June 16, 2009, First Financial is owed under the mortgage, for principal, interest, late fees, attorney fees and Court costs, the sum of $14,204.76, computed as follows:

```
Principal……………………………………………$ 10,664.61
Interest……………………………………………..   1,914.90
Late Charges……………………………………….     176.75
Real Estate Inspection…………………………….      75.00
Title Fees……………………………………………  1,163.85

       Total …………………………………………..$ 14,204.76
```

plus attorney's fees, costs, and continued interest accruing at $21.34 per day from and after June 16, 2009.

6. First Financial is the legal holder of the underlying notes and instruments securing same, as set forth in the counterclaim and crossclaim for foreclosure.

7. The mortgage lien of First Financial is paramount and superior to any right, title or interest of any other party to this cause with respect to the premises at issue.

8. The attorney fees and costs claimed by and for First Financial are reasonable and authorized to be recovered.

**IT IS THEREFORE, HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

a) A Judgment of Foreclosure is hereby entered on the counterclaim and crossclaim for foreclosure against all Counter-Defendants and Cross-Defendants and against the property located at R. R. 1, Box 197, Bridgeport, IL 62417.

b)  First Financial is entitled to recover the respective sums shown above, plus interest at the respective per diem rates stated above, from this date to the end of redemption.

c)  The rights of redemption are governed by 735 ILCS 5/15-1603.

d)  Redemption rights will expire on December 1, 2009 (three months after entry of this judgment).

e)  Any and all leases of and tenancies in the subject premises, if held by any parties, shall be deemed terminated by these foreclosure proceedings.

f)  Upon motion and proof by First Financial, additional costs and expenses, and additional attorney fees, may be determined to be due to First Financial under the respective loan instruments and to be recoverable.

g)  The premises described in the counterclaim and crossclaim for foreclosure shall be sold by the Sheriff of Lawrence County to satisfy the amounts due to First Financial as set forth herein. Sale shall be by public auction for cash, or cashier's check drawn on a federally or state chartered bank or savings and loan, to the highest and best bidder to be held at an auction arranged by and at the expense of First Financial at a time and location to be decided. Sale shall be by open bid. In the event First Financial is a successful bidder at the sale,

First Financial may offset against the purchase price to be paid any amount due under this Judgment Decree or Order Confirming Sale.

h) If premises or property are sold pursuant to this decree, before making sale, First Financial shall give notice of the sale, or of any adjourned sale, pursuant to 735 ILCS 5/15-1507.

I) The proceeds of sale shall be applied pursuant to 735 ILCS 5/15-1512, and deficiency, if any, will be determined.

j) The Sheriff of Lawrence County shall execute and deliver to any purchaser at said sale a Receipt of Sale and a Certificate of Sale, with a duplicate of said Certificate to be filed for record in the Office of the Recorder of Deeds of Lawrence County, Illinois, as appropriate. Upon confirmation of sale, a holder of a Certificate of Sale shall be entitled to a deed, and effective thirty-one (31) days after the order of confirmation, the grantee in said deed, or said grantee's heirs, executors, administrators, successor assigns, shall be let into possession of said premises, and an order of possession or such other order as the Court may deem necessary for such purpose, may issue, without further notice or hearing.

k) Possession of the subject premises shall be governed by 735 ILCS 5/15-1701, *et. seq.*, and by this Court's prior Order concerning possession. Any holder of the Certificate of Sale, or deed issued pursuant thereto, may seek appointment as mortgagee-in-possession

or receiver under the law.

(l) The Court finds this decree to be a final, appealable order; no just reason exists to delay its enforcement or an appeal from it.

**IT IS SO ORDERED.**

DATED: 09/01/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge